**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

_____

WILLIAM RIORDAN,                                    CV 07-38-M-DWM-JCL

                        Plaintiff,

            vs.
                                                    MEMORANDUM

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                        Defendant.

_____

    Plaintiff William Riordan commenced this action on March 28, 2007, to obtain underinsured motorist benefits ("UIM") available under three policies of automobile insurance issued to Riordan and his wife by the Defendant State Farm Mutual Automobile Insurance Company.  The case proceeded through pretrial proceedings and, on the eve of trial, the parties reached a compromise agreement and settlement of Riordan's claim for UIM benefits.  There remains for disposition, however, Riordan's request for an award of attorneys fees.

    The issue of attorneys fees was referred to the undersigned under authority of Federal Rule of Civil Procedure 54(d)(2)(D)

Page 1

for the purpose of entering a recommended disposition to the presiding judge, the Honorable Donald W. Molloy, in accordance with Federal Rule of Civil Procedure 72(b)(1).

The parties fully briefed the issue of attorneys fees and a hearing was held before the Court on March 14, 2008.  The parties addressed the legal issues pertaining to the Plaintiff's request for attorneys fees, but assumed that evidence pertaining to an award based upon a "lodestar" calculation would be received by the Court at a later date.  Consequently, I enter the present memorandum for the purpose of advising the parties as to my conclusions regarding the various issues of law under consideration and, which will ultimately be incorporated into the final report and recommendation that will be made to Judge Molloy.

For the reasons detailed below, I find that Plaintiff William Riordan is entitled to an award of attorneys fees under controlling Montana substantive law.  Consistent with Montana law, the amount of attorneys fees shall be determined based upon the contingency fee contract extant between Riordan and his attorneys as applied to the particular facts of this case.

## II.  Background

William Riordan was injured on October 21, 2004, when the pickup truck he was operating was rear-ended by a vehicle driven by Kyle Goettlich.  It is undisputed that Goettlich was at fault

for the accident.   Riordan and his wife were insured at the time under three automobile insurance policies issued by State Farm. Each policy provides UIM coverage with limits of $50,000 per person and $100,000 per accident.

In early 2005, Goettlich's liability insurer paid Riordan the applicable $50,000 limit of liability insurance.  Riordan then sought to obtain UIM benefits from State Farm under the three referenced policies.  Beginning January 30, 2006, and continuing through August 2006, State Farm paid Riordan a total of $30,586.59 in UIM benefits.  Dkt. No. 52, Ex. H, Decl. of Josh D. Cleveland.  Riordan filed his complaint in this matter on March 28, 2007, claiming entitlement to the remainder of the $150,000 "stacked" limits of UIM benefits.  Service of a summons and complaint was effected upon State Farm on April 5, 2007. State Farm filed its answer on June 14, 2007.  In the interim between being served with the complaint and filing its answer, State Farm paid Riordan an additional $45,413.43 in UIM benefits, bringing the total of UIM benefits paid by June 1, 2007, to $76,000.  *Id.*

The case proceeded through the pretrial process with trial set to commence on February 25, 2008.  On February 14, 2008, the parties effected a settlement of Riordan's claim for UIM benefits, with State Farm paying Riordan the remaining $74,000 of the $150,000 "stacked" UIM limits.  *Id.*

Page 3

Riordan had entered a contingent fee agreement with his counsel of record that provided Riordan would pay the attorneys 35% of any recovery.  Riordan contends he is entitled to attorneys fees of $51,979.61, or in other words, 35% of the entire $150,000 of UIM benefits paid by State Farm.  In the alternative, Riordan argues that if the Court determines that attorneys fees are properly determined by using the lodestar method, he should recover attorneys fees in the amount of $33,025.05.[1]

State Farm, on the other hand, resists the award of any attorneys fees upon three alternate bases: (1) as a matter of federal procedural law, Riordan waived any claim to an award of attorneys fees by failing to plead his claim for fees as an item of special damages under Federal Rule of Civil Procedure 9(g); (2) under Montana law, the controlling substantive law in this diversity action, Riordan is not entitled to recover attorneys fees as a matter of law; and (3) Riordan has failed to establish, as a factual matter, that he incurred attorneys fees in the prosecution of this case.

## III.  Analysis

### A.  Applicable Law

---

[1] The lodestar method of calculating fees is based upon the number of hours reasonably expended multiplied by the applicable hourly market rate for legal services.

Page 4

In a diversity case, applicable state law controls both the
award of and the reasonableness of attorneys fees.  *Carnes v.*
*Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007), *citing In re Larry's*
*Apartment LLC*, 249 F.3d 832, 837-38 (9th Cir. 2001).
Accordingly, Montana law supplies the rule of decision regarding
whether or not Riordan has a substantive right to recover
attorneys fees.  The procedure for requesting an award of
attorneys fees in a diversity action, however, is governed by
federal law.  *Id.*

> **B.   Plaintiff Riordan is not procedurally barred from
> asserting a claim for attorneys fees.**

A request for attorneys fees is generally governed by
Federal Rule of Civil Procedure 54(d)(2), which provides in
pertinent part:

> (A)   *Claim to Be by Motion.*  A claim for attorney's fees and
> related nontaxable expenses must be made by motion
> unless the substantive law requires those fees to be
> proved at trial as an element of damages.
>
> (B)   *Timing and Contents of the Motion.*  Unless a statute or
> a court order provides otherwise, the motion must:
>
> (i) be filed no later than 14 days after the entry of
> judgment; ...

In resisting Riordan's request for attorneys fees, State
Farm argues that attorneys fees are an item of special damages
that must, in accordance Federal Rule of Civil Procedure 9(g), be
pled with specificity or the claim is waived.  Because Riordan
did not plead a claim for attorneys fees in his complaint, or for

Page 5

that matter did not assert the claim in his Federal Rule of Civil

Procedure 26(a)(1) initial disclosure or Local Rule 16.2(b)(1)

Preliminary Pretrial Statement, State Farm contends Riordan

waived the claim.  State Farm, however, fails to recognize the

interplay which exists between Rules 9(g) and 54(d)(2).

It is true that some courts, in reliance upon the language

of Rule 9(g), have recognized that in certain contexts a party

waives its right to attorneys fees if a specific request for

attorneys fees is not made in the parties' pleadings.  *See e.g.*

*In re American Casualty Company*, 851 F.2d 794, 802 (6th Cir.

1988); *Maidmore Realty Co., Inc. v. Maidmore Realty Co., Inc.*,

474 F.2d 840, 843 (3rd Cir. 1973); *Western Casualty & Surety Co.*

*v. Southwestern Bell Telephone*, 396 F.2d 351, 356 (8th Cir.

1968); *see also* 5A Charles A. Wright and Arthur R. Miller,

Federal Practice and Procedure, § 1310.  Such cases, which

recognize that attorneys fees are "special damages" within the

meaning of Rule 9(g), generally turn on the fact that the

substantive law governing the action provides for recovery of

attorneys fees as an element of damages, as opposed to a

recoverable cost.  *See e.g. Tipton v. Mill Creek Gravel, Inc.*,

373 F.3d 913, 922-23 (8th Cir. 2004); *Flynn v. AK Peters, Ltd,*

377 F.3d 13, 26 (1st Cir. 2004).  Rule 54 was amended in 1993 to

add paragraph (d)(2) for the precise purpose of incorporating

this distinction.  Rule 54 Advisory Committee Notes (noting

subparagraph (A) does not "apply to fees recoverable as an element of damages, as when sought under the terms of a contract; such damages are typically to be claimed in a pleading and may involve issues to be resolved by a jury").

Riordan's claim for attorneys fees in this diversity action is predicated upon a judicially created equitable exception to the generally followed American Rule governing attorney's fees, as recognized in the jurisprudence of Montana.  *See, Mountain West Farm Bureau Mut. Ins. Co. v. Brewer*, 2003 MT 98, ¶ 36, 315 Mont. 231, ¶ 36, 69 P.3d 652, ¶ 36.  Consequently, Federal Rule of Civil Procedure 54(d)(2)(A) governs Riordan's request for attorneys fees and mandates that the request be made by motion. Because no judgment has been entered in this matter, Riordan's motion for attorneys fees filed February 29, 2008, complied with the temporal requirement of Rule 54(d)(2)(B)(i), as well as the substantive requirements of Rule 54(d)(2)(B).

**C.   Plaintiff Riordan is entitled under Montana law to recover his attorneys fees in this action.**

Riordan contends that as a first-party insured, compelled to institute litigation to obtain the full benefit of his insurance contracts with State Farm, he is entitled to recover the attorneys fees he incurred in prosecuting this case.  Riordan argues his right to recover attorneys fees is established by the holding of the Montana Supreme Court in *Mountain West Farm Bureau Mut. Ins. Co. v. Brewer*, *supra*.

Page 7

State Farm retorts that *Brewer* should not be read as having created a broad equitable exception to the American Rule of attorneys fees that allows attorneys fees to be awarded in any first-party insurance dispute.  Rather, State Farm argues that while Montana recognizes an insurance exception to the American Rule, the exception has been limited to the situation where a liability insurer has contested coverage, and thereby compels an insured to file or defend a declaratory judgment action instituted to resolve the coverage dispute.

*Brewer* was a declaratory action brought by a third-party claimant to establish insurance coverage under a tortfeasor's motor vehicle liability policy.  2003 MT at ¶ 5, 315 Mont. at ¶ 5, 69 P.3d at ¶ 5.  The principle issue presented in *Brewer* was whether "an injured third-party claimant who prevails in an insurance coverage action against a motor vehicle liability insurer [is] entitled to recover his or her [attorney fees]." 2003 MT at ¶ 13.  The Court ultimately held that the insurance exception to the American Rule governing attorneys fees did not apply to claims brought by third-party claimants.  *Id.* at ¶ 40 (*overruling Yovish v. United Services Auto Assoc.*, 243 Mont. 284, 794 P.2d 682 (1990)).  In reaching this holding, the Court found it necessary to discuss the development of the insurance exception to the American Rule both in Montana and other selected

Page 8

jurisdictions.[2]   *Id.* at ¶¶ 14-35.  Having conducted this review,

the Court took the opportunity to issue the following holding:

> We find the above-cited authority compelling to hold an
> insurer liable for attorneys fees when the insurer breaches
> its duty to indemnify.  We decline to further propagate the
> arbitrary legal fiction that a substantive distinction
> exists between a breach of the duty to defend and a breach
> of the duty to indemnify.  It seems inherently inconsistent
> that courts universally afford attorneys fees incurred to
> establish a contested duty to defend and yet,
> simultaneously, reject such an award incurred in coverage
> disputes brought to preserve or eviscerate the obligatory
> defense. ... [T]his notion appears nothing more than a mere
> exercise in semantics.  **Accordingly, we hold that an insured
> is entitled to recover attorney fees, pursuant to the
> insurance exception to the American Rule, when the insurer
> forces the insured to assume the burden of legal action to
> obtain the full benefit of the insurance contract,
> regardless of whether the insurer's duty to defend is at
> issue.**

*Id.* at ¶ 36 (emphasis supplied).

Both Riordan and State Farm seize upon this statement as

establishing the correctness of their respective positions.

Riordan argues the last sentence of paragraph 36 of the *Brewer*

opinion unequivocally establishes that the insurance exception

applies in any context where an insurer forces its insured to

assume the burden of a legal action to obtain the full benefit of

the insurance contract.  State Farm, in contrast, argues that the

last sentence of paragraph 36 must be read in conjunction with

the preceding passage which operates, in the opinion of State

_____

[2]   The general American Rule recognizes that a party in a
civil action is not entitled to attorneys fees absent a specific
contractual or statutory provision.  2003 MT at ¶ 14.

Farm, to limit the holding, at the very least, to those situations in which there is a dispute about coverage versus a dispute about the value of a covered claim.

The Court attributes a meaning to the passage of paragraph 36 preceding the holding which is far different from that advocated by State Farm.  By its language, the Court made clear that whenever an insurer forces its insured to assume the burden of litigation to obtain what the insured is entitled to under an insurance contract, the insured is entitled to recover attorneys fees.  In the prefatory language to its holding, the Court forcefully declared that it will not embrace any "arbitrary legal fiction" that would allow an insurer to evade paying attorneys fees, when the insurer has forced the insured to assume the burden of litigation.  The language of paragraph 36 leaves no room for State Farm to suggest that a "substantive distinction" exists between a first-party insured seeking to recover UIM benefits from a first-party insured seeking indemnification under a liability policy.  State Farm's argument to the contrary is "nothing more than a mere exercise in semantics."  *Id.* at ¶ 36.

The Court is mindful that since the decision in *Brewer*, the Montana Supreme Court has not had the opportunity to apply the holding to the precise situation presented by this case.  In the subsequent case of *Sampson v. National Farmers Union Property and Casualty Co.*, 2006 MT 241, 333 Mont. 541, 144 P.3d 797, the Court

Page 10

did, however, reference *Brewer*.  *Sampson* presented the issue of

whether attorneys fees are recoverable by a third-party claimant

in an action brought under Montana's Unfair Trade Practices Act,

M.C.A. §§ 33-18-201 & 242.   *Id.*, at ¶ 10.   The Court summarized

its holding in *Brewer* as follows:

> [W]e have held that an insured is entitled to recover
> attorneys fees under the "insurance exception" to the
> American Rule when the insurer forces the insured to
> commence legal action to obtain the full benefits of the
> insurance contract between them; however, we have declined
> to extend this exception to third-party actions, where there
> is no privity of contract  – no "previously bargained for
> benefit"- that the third party was forced into litigation to
> vindicate.
>
> *Id.* at ¶ 19 (*citing Brewer*, ¶ 38).

It is the privity of the insurance contract, with its

attendant fiduciary obligations – not the type of benefit being

sought by the insured – which underlies the *Brewer* holding and

distinguishes the first-party context from the third-party

context.  *Brewer*, at ¶ 38.

In its effort to convince the Court to accept the narrow

reading of *Brewer* it advocates, State Farm cites the Court to the

state district court decision of *Rand v. State Farm Mutual*

*Automobile Ins. Co.*, Cause No. DV-03-312, Mont. 18th Jud. Dist.

Court, Gallatin County (decided March 4, 2005), which was a

first-party action for UIM benefits.  In *Rand*, State Farm

successfully convinced the district court, the Honorable Michael

Salvagni presiding, that *Brewer* should be limited to actions

where coverage is disputed versus a dispute as to the value of a

claim.[3]   With due respect, this Court disagrees with Judge

Salvagni's conclusion.

In *Rand*, the district court noted that in *Brewer*, the

Montana Supreme Court discussed cases from the Washington Supreme

Court, most particularly *Olympic S.S. Co. v. Centennial Ins. Co.*,

811 P.2d 673 (Wash. 1991) ("*Olympic*").   *Brewer*, ¶¶ 32-33.   The

*Brewer* court noted that the Washington Supreme Court "also

extended to an insured 'the right...to recoup attorney fees that

it incurs because an insurer refuses to defend or pay the

justified action or claim of the insured, regardless of whether a

lawsuit is filed against the insured.'" *Brewer,* ¶ 33, *quoting*

*Olympic S.S. Co.*, 811 P.2d at 681.   The *Rand* court proceeded to

note that subsequent to *Olympic,* the court decided *Dayton v.*

*Farmers Ins. Group*, 876 P.2d 896 (Wash. 1984), a UIM case in

which the court undertook to clarify the rule announced in

*Olympic.*   The holding in *Olympic,* the court determined, allowed

an insured to recover attorneys fees if "the insured litigates an

issue of coverage, but not if the issue is merely a dispute about

---

[3] Riordan, in turn, cites the Court to the district court
decision in *Burkett v. State Farm Mutual Automobile Ins. Co.*, Cause
No. DV-05-076, Mont. 8th Jud. Dist. Court, Cascade County (decided
May 23, 2007).   In *Burkett*, which was also a first-party action for
UIM benefits, the district court, the Honorable Dirk Sandefur
presiding, held that under authority of *Brewer* the claimant was
entitled to recover attorneys fees incurred in the prosecution of
his claim for UIM benefits.

Page 12

the value of a claim." *Leingang v. Pierce County Medical Bureau,*

*Inc.,* 930 P.2d 288, 295 (Wash. 1997).  The *Rand* court ultimately

concluded, in effect, that the Montana Supreme Court in *Brewer*

must have implicitly intended to follow *Dayton*, thereby limiting

attorneys fees to those situations involving a coverage dispute

versus a dispute involving the value of a claim.[4]  This Court is

unpersuaded by the district court's conclusion in *Rand*.

First, *Brewer* was decided well after the Washington Supreme

Court's pronouncements in both *Dayton* and *Leinging*, yet the

Montana Supreme Court did not discuss those cases or otherwise

limit its broad extension of the insurance exception to the

first-party context.  Second, the court in *Rand* failed to take

into consideration the fact that the *Brewer* court also found the

West Virginia Supreme Court of Appeals decision in *Hayseeds, Inc.

v. State Farm Fire and Casualty*, 352 S.E.2d 73 (W.Va. 1986), to

be compelling.  *Brewer*, ¶¶ 31-36.  Notably, the Washington

---

[4] The rationale underlying *Dayton* - a rationale followed by
the court in *Rand* - is that an uninsured (or underinsured) motorist
carrier stands in the shoes of the uninsured motorist. *Dayton*, 876
P.2d at 898.  From this premise, the court reasoned that the
injured party is not entitled to be put in a better position by
having been struck by an uninsured motorist as opposed to an
insured motorist.  *Id.*  This reasoning, in the opinion of the
undersigned, ignores the contractual relationship, with its
attendant fiduciary obligations, that exists between an insurer and
its insured.  *Sampson,* ¶ 19.

Page 13

Supreme Court followed the rationale employed in *Hayseeds* in reaching its decision in *Olympic*.

*Hayseeds* involved an insured's suit against his own insurer over a property damage claim.  The *Hayseeds* court allowed an award of attorneys fees in this first-party context, reasoning that "[t]o impose upon the insured the cost of compelling his insurer to honor its contractual obligation is effectively to deny him the benefit of his bargain."  *Hayseeds*, 352 S.E.2d at 80.  Consequently, the court held that if the first-party policy holder "substantially prevails" against the insurance carrier in litigation, the policy holder is entitled to recoup his or her consequential damages including reasonable attorneys fees in vindicating his claim.  *See Miller v. Fluharty*, 500 S.E.2d 310, 318-19 (W.Va. 1997).  The court emphasized that the disparity of bargaining power between an insurer and its insured is "one of the prominent instances where the American Rule concerning attorneys fees works badly."  *Hayseeds*, 352 S.E.2d at 78.

Having determined that the holding in *Brewer* regarding the insurance exception to the American Rule applies to a first-party claim for UIM benefits, the Court turns to determine whether Riordan may avail himself of the exception under the circumstances of this case.  According to *Brewer*, the insured is entitled to recover attorneys fees pursuant to the exception when the insurer "forces" the insured to assume the burden of

Page 14

litigation.  *Brewer*, at ¶ 36.   The record reflects that Riordan

was injured on October 21, 2004.  Beginning on January 30, 2006,

and continuing through August 2, 2006, State Farm paid Riordan

$30,586.59 in UIM benefits.  With no further UIM benefits being

paid, Riordan filed this suit on March 28, 2007, alleging State

Farm breached the insurance contracts by failing to pay him

additional UIM benefits.  In its answer filed June 14, 2007,

State Farm affirmatively asserted that Riordan had been fully

compensated for his injuries and was not entitled to any further

payments of UIM benefits.  Dkt. No. 7, Answer, pp. 2-3.  Under

the circumstances, Riordan was forced to assume the burden of

this litigation to obtain the full benefits of his insurance

contracts.[5]

> **C.**   **What is the amount of attorneys fees Plaintiff Riordan is entitled to recover under the circumstances of this case?**

Riordan entered a contingent fee agreement with his counsel

calling for payment to counsel of 35% of any monies recovered

from State Farm in this case.

---

[5] State Farm presents the argument that even if *Brewer* allows recovery in a UIM case, it should not be compelled to pay Riordan's attorney fees because there were legitimate questions regarding whether Riordan's injuries were actually caused by the accident. Dkt. No. 43, pp. 14-17.  In its Answer, however, State Farm unequivocally denied that Riordan was entitled to any additional benefits.  Moreover, State Farm presents no evidence suggesting that Riordan violated the terms of the insurance contracts by failing to cooperate with State Farm in its assessment of his injuries.

Page 15

Under Montana law, a contingency fee contract may be used to determine the amount of attorneys fees a successful litigant is entitled to recover.  *See Morris v. Nationwide Ins. Co.*, 222 Mont. 399, 403, 722 P.2d 628, 631 (1986).  A contingent fee contract, however, does not bind a court in determining the proper amount of attorneys fees to be awarded.  *West v. Club at Spanish Peaks*, *L.L.C.,* 2008 MT 183, ¶ 97, ___ P.3d ____, 2008 WL 2191797, *quoting Weinberg v. Farmers State Bank of Worden*, 231 Mont. 10, 36, 752 P.2d 719, 735 (1988).  A district court can award the full amount under a contingent fee agreement so long as the amount of attorneys fees is reasonable.  *Stimac v. State of Montana*, 248 Mont. 412, 417 (1991).  When assessing whether to award the full amount of a contingent fee agreement as a reasonable attorneys fee, the court should, as a check,  consider the eight factors identified in *Stimac* as*:*

1.  The novelty and difficulty of the legal and factual issues involved;
2.  The time and labor required to perform the legal service properly;
3.  The character and importance of the litigation;
4.  The result secured by the attorney;
5.  The experience, skill, and reputation of the attorney;
6.  The fees customarily charged for similar legal services at the time and place where the services were rendered;
7.  The ability of the client to pay for the legal services rendered; and
8.  The risk of no recovery.

*Stimac*, 248 Mont. at 417, 812 P.2d at 1249.

Riordan entered a contingent fee agreement with his counsel calling for payment to counsel of 35% of any monies recovered

Page 16

from State Farm in this case.  Riordan asserts, in the first

instance, that based upon this contingent fee agreement, he is

entitled to recover $51,971.61 in attorneys fees - an amount

equivalent to 35% of the entire $150,000 in UIM benefits paid by

State Farm.  While the Court deems it appropriate to utilize the

contingent fee agreement as a reasonable measure of the fees

Riordan is entitled recover, Riordan is mistaken in his argument

that he should recover 35% of the total UIM benefits paid by

State Farm.

The holding in *Brewer* is premised upon the fact that an

insured is forced to either institute or defend litigation.  A

court must bear this point in mind when it assesses the eight

factors identified in *Stimac*.  Of particular importance in this

case are factor number two - the time and labor required to

properly perform the legal service - and factor four - the result

obtained.

State Farm paid Riordan a total of $30,586.59 in UIM

benefits <u>before</u> suit was filed.  Riordan may not claim

entitlement to attorneys fees for benefits paid prior to the

filing of suit because those benefits were not obtained as a

result of the litigation.[6]  Likewise, shortly after suit was

---

[6] Apparently Riordan obtained counsel shortly after the
accident which was, of course, his right to do.  While this
decision may indeed have been prudent, it does not entitle Riordan
to claim attorneys fees, under the holding in *Brewer*, for benefits
paid prior to the institution of litigation.

Page 17

filed, and prior to the filing of an answer, State Farm paid

Riordan an additional $45,413.43 in UIM benefits.  Considering

the time and labor required to perform the legal services, which

apparently motivated State Farm to pay these additional UIM

benefits, the Court finds that awarding fees upon this amount of

benefits based upon the contingency fee agreement would not be

reasonable.  Instead, the Court finds that utilizing a lodestar

calculation with regard to this portion of the UIM benefits paid

is more reasonable.  Riordan shall be compensated at an

appropriate market rate for the attorney time reasonably spent:

(1) preliminarily preparing the matter for litigation; and (2)

between the time the complaint was filed and June 1, 2007, the

date when State Farm advanced the additional UIM benefits.[7]

With regard to the remaining $74,000 in UIM benefits paid by

State Farm in settlement of this litigation, the Court finds that

awarding Riordan attorneys fees based upon the 35% contingency

fee agreement – an amount equal to $25,900 – would appear

reasonable in light of the factors identified for consideration

in *Stimac*.  Before giving specific consideration to the factors

identified in *Stimac*, however, the Court will afford State Farm

---

[7] Counsel for Riordan has submitted affidavits of actual attorneys' time spent on this matter prior to June 1, 2007, as well as a proposed hourly rate.  Dkt. No. 51, Attachment No. 1.  As previously noted, the reasonableness of the time expended as well as the appropriate hourly rate will be the subject of a further proceeding in order that State Farm is afforded the opportunity to present evidence regarding these matters.

Page 18

the opportunity to present evidence relating to each of these

particular factors.[8]

DATED this 20th day of June, 2008.


　　　　　　　　　　　　　 /s/ Jeremiah C. Lynch
　　　　　　　　　　　　　Jeremiah C. Lynch
　　　　　　　　　　　　　United States Magistrate Judge

---

[8] Riordan also seeks an award for costs incurred in
prosecuting this case.  Costs will be taxed in accordance with 28
U.S.C. § 1920 and Local Rule 54.1.

Page 19