**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

_____

WILLIAM RIORDAN,                          CV 07-38-M-DWM-JCL

                 Plaintiff,

      vs.

                                  FINDINGS & RECOMMENDATION
                                  OF UNITED STATES
                                  MAGISTRATE JUDGE

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                 Defendant.

_____

    Plaintiff William Riordan commenced this action on March 28,
2007, to obtain underinsured motorist benefits ("UIM") available
under three policies of automobile insurance issued to Riordan
and his wife by the Defendant State Farm Mutual Automobile
Insurance Company.  The case proceeded through pretrial
proceedings and, on the eve of trial, the parties reached a
compromise agreement and settlement of Riordan's claim for UIM
benefits.  There remains for disposition, however, Riordan's
request for an award of attorneys fees.

Page 1

The issue of attorneys fees was referred to the undersigned under authority of Federal Rule of Civil Procedure 54(d)(2)(D) for the purpose of entering a recommended disposition to the presiding judge, the Honorable Donald W. Molloy, in accordance with Federal Rule of Civil Procedure 72(b)(1).  An evidentiary hearing was held on July 15, 2008.  Having considered the arguments advanced and the evidence presented by the parties,

## RECOMMENDATION

**IT IS RECOMMENDED** that the Plaintiff's motion for attorneys fees be granted and the Plaintiff awarded fees in the total amount of $30,759.

NOW, THEREFORE, IT IS ORDERED that the clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate upon the parties.

The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these finding must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this 16th day of July, 2008


 /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

## I.  Background

William Riordan was injured on October 21, 2004, when the pickup truck he was operating was rear-ended by a vehicle driven

Page 2

by Kyle Goettlich.  It is undisputed that Goettlich was at fault for the accident.  Riordan and his wife were insured at the time under three automobile insurance policies issued by State Farm. Each policy provides UIM coverage with limits of $50,000 per person and $100,000 per accident.

In early 2005, Goettlich's liability insurer paid Riordan the applicable $50,000 limit of liability insurance.  Riordan then sought to obtain UIM benefits from State Farm under the three referenced policies.  Beginning January 30, 2006, and continuing through August 2006, State Farm paid Riordan a total of $30,586.59 in UIM benefits.  Dkt. No. 52, Ex. H, Decl. of Josh D. Cleveland.  Riordan filed his complaint in this matter on March 28, 2007, claiming entitlement to the remainder of the $150,000 "stacked" limits of UIM benefits.  Service of a summons and complaint was effected upon State Farm on April 5, 2007. State Farm filed its answer on June 14, 2007.  In the interim between being served with the complaint and filing its answer, State Farm paid Riordan an additional $45,413.43 in UIM benefits, bringing the total of UIM benefits paid by June 1, 2007, to $76,000.  *Id.*

The case proceeded through the pretrial process with trial set to commence on February 25, 2008.  On February 14, 2008, the parties effected a settlement of Riordan's claim for UIM

benefits, with State Farm paying Riordan the remaining $74,000 of the $150,000 "stacked" UIM limits.  *Id.*

Riordan had entered a contingent fee agreement with his counsel of record that provided Riordan would pay the attorneys 35% of any recovery.  Riordan contends he is entitled to attorneys fees of $51,979.61, or in other words, 35% of the entire $150,000 of UIM benefits paid by State Farm.  In the alternative, Riordan argues that if the Court determines that attorneys fees are properly determined by using the lodestar method, he should recover attorneys fees in the amount of $33,025.05.[1]

State Farm, on the other hand, resists the award of any attorneys fees upon three alternate bases: (1) as a matter of federal procedural law, Riordan waived any claim to an award of attorneys fees by failing to plead his claim for fees as an item of special damages under Federal Rule of Civil Procedure 9(g); (2) under Montana law, the controlling substantive law in this diversity action, Riordan is not entitled to recover attorneys fees as a matter of law; and (3) Riordan has failed to establish, as a factual matter, that he incurred attorneys fees in the prosecution of this case.

## II.  Analysis

---

[1] The lodestar method of calculating fees is based upon the number of hours reasonably expended multiplied by the applicable hourly market rate for legal services.

## A.   Applicable Law

In a diversity case, applicable state law controls both the award of and the reasonableness of attorneys fees.  *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007), *citing In re Larry's Apartment LLC*, 249 F.3d 832, 837-38 (9th Cir. 2001). Accordingly, Montana law supplies the rule of decision regarding whether or not Riordan has a substantive right to recover attorneys fees.  The procedure for requesting an award of attorneys fees in a diversity action, however, is governed by federal law.   *Id.*

## B.   Plaintiff Riordan is not procedurally barred from asserting a claim for attorneys fees.

A request for attorneys fees is generally governed by Federal Rule of Civil Procedure 54(d)(2), which provides in pertinent part:

> (A)   *Claim to Be by Motion.*  A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

> (B)   *Timing and Contents of the Motion.*  Unless a statute or a court order provides otherwise, the motion must:

> (i) be filed no later than 14 days after the entry of judgment; ...

In resisting Riordan's request for attorneys fees, State Farm argues that attorneys fees are an item of special damages that must, in accordance Federal Rule of Civil Procedure 9(g), be pled with specificity or the claim is waived.  Because Riordan

Page 5

did not plead a claim for attorneys fees in his complaint, or for that matter did not assert the claim in his Federal Rule of Civil Procedure 26(a)(1) initial disclosure or Local Rule 16.2(b)(1) Preliminary Pretrial Statement, State Farm contends Riordan waived the claim.  State Farm, however, fails to recognize the interplay which exists between Rules 9(g) and 54(d)(2).

It is true that some courts, in reliance upon the language of Rule 9(g), have recognized that in certain contexts a party waives its right to attorneys fees if a specific request for attorneys fees is not made in the parties' pleadings.  *See e.g. In re American Casualty Company*, 851 F.2d 794, 802 (6th Cir. 1988); *Maidmore Realty Co., Inc. v. Maidmore Realty Co., Inc.*, 474 F.2d 840, 843 (3rd Cir. 1973); *Western Casualty & Surety Co. v. Southwestern Bell Telephone*, 396 F.2d 351, 356 (8th Cir. 1968); *see also* 5A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, § 1310.  Such cases, which recognize that attorneys fees are "special damages" within the meaning of Rule 9(g), generally turn on the fact that the substantive law governing the action provides for recovery of attorneys fees as an element of damages, as opposed to a recoverable cost.  *See e.g. Tipton v. Mill Creek Gravel, Inc.*, 373 F.3d 913, 922-23 (8th Cir. 2004); *Flynn v. AK Peters, Ltd,* 377 F.3d 13, 26 (1st Cir. 2004).  Rule 54 was amended in 1993 to add paragraph (d)(2) for the precise purpose of incorporating

this distinction.  Rule 54 Advisory Committee Notes (noting subparagraph (A) does not "apply to fees recoverable as an element of damages, as when sought under the terms of a contract; such damages are typically to be claimed in a pleading and may involve issues to be resolved by a jury").

Riordan's claim for attorneys fees in this diversity action is predicated upon a judicially created equitable exception to the generally followed American Rule governing attorney's fees, as recognized in the jurisprudence of Montana.  *See, Mountain West Farm Bureau Mut. Ins. Co. v. Brewer*, 2003 MT 98, ¶ 36, 315 Mont. 231, ¶ 36, 69 P.3d 652, ¶ 36.  Consequently, Federal Rule of Civil Procedure 54(d)(2)(A) governs Riordan's request for attorneys fees and mandates that the request be made by motion. Because no judgment has been entered in this matter, Riordan's motion for attorneys fees filed February 29, 2008, complied with the temporal requirement of Rule 54(d)(2)(B)(i), as well as the substantive requirements of Rule 54(d)(2)(B).

### C.    Plaintiff Riordan is entitled under Montana law to recover his attorneys fees in this action.

Riordan contends that as a first-party insured, compelled to institute litigation to obtain the full benefit of his insurance contracts with State Farm, he is entitled to recover the attorneys fees he incurred in prosecuting this case.  Riordan argues his right to recover attorneys fees is established by the

holding of the Montana Supreme Court in *Mountain West Farm Bureau Mut. Ins. Co. v. Brewer*, *supra*.

State Farm retorts that *Brewer* should not be read as having created a broad equitable exception to the American Rule of attorneys fees that allows attorneys fees to be awarded in any first-party insurance dispute.  Rather, State Farm argues that while Montana recognizes an insurance exception to the American Rule, the exception has been limited to the situation where a liability insurer has contested coverage, and thereby compels an insured to file or defend a declaratory judgment action instituted to resolve the coverage dispute.

*Brewer* was a declaratory action brought by a third-party claimant to establish insurance coverage under a tortfeasor's motor vehicle liability policy.  2003 MT at ¶ 5, 315 Mont. at ¶ 5, 69 P.3d at ¶ 5.  The principle issue presented in *Brewer* was whether "an injured third-party claimant who prevails in an insurance coverage action against a motor vehicle liability insurer [is] entitled to recover his or her [attorney fees]."  2003 MT at ¶ 13.  The Court ultimately held that the insurance exception to the American Rule governing attorneys fees did not apply to claims brought by third-party claimants.  *Id.* at ¶ 40 (*overruling Yovish v. United Services Auto Assoc.*, 243 Mont. 284, 794 P.2d 682 (1990)).  In reaching this holding, the Court found it necessary to discuss the development of the insurance

exception to the American Rule both in Montana and other selected jurisdictions.[2]  *Id.* at ¶¶ 14-35.  Having conducted this review, the Court took the opportunity to issue the following holding:

> We find the above-cited authority compelling to hold an insurer liable for attorneys fees when the insurer breaches its duty to indemnify.  We decline to further propagate the arbitrary legal fiction that a substantive distinction exists between a breach of the duty to defend and a breach of the duty to indemnify.  It seems inherently inconsistent that courts universally afford attorneys fees incurred to establish a contested duty to defend and yet, simultaneously, reject such an award incurred in coverage disputes brought to preserve or eviscerate the obligatory defense. ... [T]his notion appears nothing more than a mere exercise in semantics.  **Accordingly, we hold that an insured is entitled to recover attorney fees, pursuant to the insurance exception to the American Rule, when the insurer forces the insured to assume the burden of legal action to obtain the full benefit of the insurance contract, regardless of whether the insurer's duty to defend is at issue.**

> *Id.* at ¶ 36 (emphasis supplied).

Both Riordan and State Farm seize upon this statement as establishing the correctness of their respective positions. Riordan argues the last sentence of paragraph 36 of the *Brewer* opinion unequivocally establishes that the insurance exception applies in any context where an insurer forces its insured to assume the burden of a legal action to obtain the full benefit of the insurance contract.  State Farm, in contrast, argues that the last sentence of paragraph 36 must be read in conjunction with

---

[2]  The general American Rule recognizes that a party in a civil action is not entitled to attorneys fees absent a specific contractual or statutory provision.  2003 MT at ¶ 14.

the preceding passage which operates, in the opinion of State Farm, to limit the holding, at the very least, to those situations in which there is a dispute about coverage versus a dispute about the value of a covered claim.

The Court attributes a meaning to the passage of paragraph 36 preceding the holding which is far different from that advocated by State Farm.  By its language, the Court made clear that whenever an insurer forces its insured to assume the burden of litigation to obtain what the insured is entitled to under an insurance contract, the insured is entitled to recover attorneys fees.  In the prefatory language to its holding, the Court forcefully declared that it will not embrace any "arbitrary legal fiction" that would allow an insurer to evade paying attorneys fees, when the insurer has forced the insured to assume the burden of litigation.  The language of paragraph 36 leaves no room for State Farm to suggest that a "substantive distinction" exists between a first-party insured seeking to recover UIM benefits from a first-party insured seeking indemnification under a liability policy.  State Farm's argument to the contrary is "nothing more than a mere exercise in semantics."  *Id.* at ¶ 36.

The Court is mindful that since the decision in *Brewer*, the Montana Supreme Court has not had the opportunity to apply the holding to the precise situation presented by this case.  In the subsequent case of *Sampson v. National Farmers Union Property and*

*Casualty Co.*, 2006 MT 241, 333 Mont. 541, 144 P.3d 797, the Court did, however, reference *Brewer.*  *Sampson* presented the issue of whether attorneys fees are recoverable by a third-party claimant in an action brought under Montana's Unfair Trade Practices Act, M.C.A. §§ 33-18-201 & 242.   *Id.*, at ¶ 10.  The Court summarized its holding in *Brewer* as follows:

> [W]e have held that an insured is entitled to recover attorneys fees under the "insurance exception" to the American Rule when the insurer forces the insured to commence legal action to obtain the full benefits of the insurance contract between them; however, we have declined to extend this exception to third-party actions, where there is no privity of contract  – no "previously bargained for benefit"- that the third party was forced into litigation to vindicate.

> *Id.* at ¶ 19 (*citing Brewer*, ¶ 38).

It is the privity of the insurance contract, with its attendant fiduciary obligations – not the type of benefit being sought by the insured – which underlies the *Brewer* holding and distinguishes the first-party context from the third-party context.  *Brewer*, at ¶ 38.

In its effort to convince the Court to accept the narrow reading of *Brewer* it advocates, State Farm cites the Court to the state district court decision of *Rand v. State Farm Mutual Automobile Ins. Co.*, Cause No. DV-03-312, Mont. 18th Jud. Dist. Court, Gallatin County (decided March 4, 2005), which was a first-party action for UIM benefits.  In *Rand*, State Farm successfully convinced the district court, the Honorable Michael

Page 11

Salvagni presiding, that *Brewer* should be limited to actions where coverage is disputed versus a dispute as to the value of a claim.[3]  With due respect, this Court disagrees with Judge Salvagni's conclusion.

In *Rand*, the district court noted that in *Brewer*, the Montana Supreme Court discussed cases from the Washington Supreme Court, most particularly *Olympic S.S. Co. v. Centennial Ins. Co.*, 811 P.2d 673 (Wash. 1991) ("*Olympic*").  *Brewer*, ¶¶ 32-33.  The *Brewer* court noted that the Washington Supreme Court "also extended to an insured 'the right...to recoup attorney fees that it incurs because an insurer refuses to defend or pay the justified action or claim of the insured, regardless of whether a lawsuit is filed against the insured.'" *Brewer,* ¶ 33, *quoting Olympic S.S. Co.*, 811 P.2d at 681.  The *Rand* court proceeded to note that subsequent to *Olympic,* the court decided *Dayton v. Farmers Ins. Group*, 876 P.2d 896 (Wash. 1984), a UIM case in which the court undertook to clarify the rule announced in *Olympic.*  The holding in *Olympic,* the court determined, allowed an insured to recover attorneys fees if "the insured litigates an

---

[3] Riordan, in turn, cites the Court to the district court decision in *Burkett v. State Farm Mutual Automobile Ins. Co.*, Cause No. DV-05-076, Mont. 8th Jud. Dist. Court, Cascade County (decided May 23, 2007).  In *Burkett*, which was also a first-party action for UIM benefits, the district court, the Honorable Dirk Sandefur presiding, held that under authority of *Brewer* the claimant was entitled to recover attorneys fees incurred in the prosecution of his claim for UIM benefits.

issue of coverage, but not if the issue is merely a dispute about the value of a claim." *Leingang v. Pierce County Medical Bureau, Inc.,* 930 P.2d 288, 295 (Wash. 1997).  The *Rand* court ultimately concluded, in effect, that the Montana Supreme Court in *Brewer* must have implicitly intended to follow *Dayton*, thereby limiting attorneys fees to those situations involving a coverage dispute versus a dispute involving the value of a claim.[4]  This Court is unpersuaded by the district court's conclusion in *Rand*.

First, *Brewer* was decided well after the Washington Supreme Court's pronouncements in both *Dayton* and *Leinging*, yet the Montana Supreme Court did not discuss those cases or otherwise limit its broad extension of the insurance exception to the first-party context.  Second, the court in *Rand* failed to take into consideration the fact that the *Brewer* court also found the West Virginia Supreme Court of Appeals decision in *Hayseeds, Inc. v. State Farm Fire and Casualty*, 352 S.E.2d 73 (W.Va. 1986), to be compelling.  *Brewer*, ¶¶ 31-36.  Notably, the Washington

---

[4] The rationale underlying *Dayton* - a rationale followed by the court in *Rand* - is that an uninsured (or underinsured) motorist carrier stands in the shoes of the uninsured motorist. *Dayton*, 876 P.2d at 898.  From this premise, the court reasoned that the injured party is not entitled to be put in a better position by having been struck by an uninsured motorist as opposed to an insured motorist. *Id.*  This reasoning, in the opinion of the undersigned, ignores the contractual relationship, with its attendant fiduciary obligations, that exists between an insurer and its insured. *Sampson,* ¶ 19.

Supreme Court followed the rationale employed in *Hayseeds* in reaching its decision in *Olympic*.

*Hayseeds* involved an insured's suit against his own insurer over a property damage claim.  The *Hayseeds* court allowed an award of attorneys fees in this first-party context, reasoning that "[t]o impose upon the insured the cost of compelling his insurer to honor its contractual obligation is effectively to deny him the benefit of his bargain."  *Hayseeds*, 352 S.E.2d at 80.  Consequently, the court held that if the first-party policy holder "substantially prevails" against the insurance carrier in litigation, the policy holder is entitled to recoup his or her consequential damages including reasonable attorneys fees in vindicating his claim.  *See Miller v. Fluharty*, 500 S.E.2d 310, 318-19 (W.Va. 1997).  The court emphasized that the disparity of bargaining power between an insurer and its insured is "one of the prominent instances where the American Rule concerning attorneys fees works badly."  *Hayseeds*, 352 S.E.2d at 78.

Having determined that the holding in *Brewer* regarding the insurance exception to the American Rule applies to a first-party claim for UIM benefits, the Court turns to determine whether Riordan may avail himself of the exception under the circumstances of this case.  According to *Brewer*, the insured is entitled to recover attorneys fees pursuant to the exception when the insurer "forces" the insured to assume the burden of

Page 14

litigation.  *Brewer*, at ¶ 36.  The record reflects that Riordan was injured on October 21, 2004.  Beginning on January 30, 2006, and continuing through August 2, 2006, State Farm paid Riordan $30,586.59 in UIM benefits.  With no further UIM benefits being paid, Riordan filed this suit on March 28, 2007, alleging State Farm breached the insurance contracts by failing to pay him additional UIM benefits.  In its answer filed June 14, 2007, State Farm affirmatively asserted that Riordan had been fully compensated for his injuries and was not entitled to any further payments of UIM benefits.  Dkt. No. 7, Answer, pp. 2-3.  Under the circumstances, Riordan was forced to assume the burden of this litigation to obtain the full benefits of his insurance contracts.[5]

### C.   What is the amount of attorneys fees Plaintiff Riordan is entitled to recover under the circumstances of this case?

Riordan entered a contingent fee agreement with his counsel calling for payment to counsel of 35% of any monies recovered from State Farm in this case.

_____

[5] State Farm presents the argument that even if *Brewer* allows recovery in a UIM case, it should not be compelled to pay Riordan's attorney fees because there were legitimate questions regarding whether Riordan's injuries were actually caused by the accident. Dkt. No. 43, pp. 14-17.  In its Answer, however, State Farm unequivocally denied that Riordan was entitled to any additional benefits.  Moreover, State Farm presents no evidence suggesting that Riordan violated the terms of the insurance contracts by failing to cooperate with State Farm in its assessment of his injuries.

Under Montana law, a contingency fee contract may be used to determine the amount of attorneys fees a successful litigant is entitled to recover. *See Morris v. Nationwide Ins. Co.*, 222 Mont. 399, 403, 722 P.2d 628, 631 (1986). A contingent fee contract, however, does not bind a court in determining the proper amount of attorneys fees to be awarded. *West v. Club at Spanish Peaks*, *L.L.C.,* 2008 MT 183, ¶ 97, ___ P.3d ____, 2008 WL 2191797, *quoting Weinberg v. Farmers State Bank of Worden*, 231 Mont. 10, 36, 752 P.2d 719, 735 (1988). A district court can award the full amount under a contingent fee agreement so long as the amount of attorneys fees is reasonable. *Stimac v. State of Montana*, 248 Mont. 412, 417, 812 P.2d 1246 (1991). When assessing whether to award the full amount of a contingent fee agreement as a reasonable attorneys fee, the court should, as a check, consider the eight factors identified in *Stimac:*

1.  The novelty and difficulty of the legal and factual issues involved;
2.  The time and labor required to perform the legal service properly;
3.  The character and importance of the litigation;
4.  The result secured by the attorney;
5.  The experience, skill, and reputation of the attorney;
6.  The fees customarily charged for similar legal services at the time and place where the services were rendered;
7.  The ability of the client to pay for the legal services rendered; and
8.  The risk of no recovery.

*Stimac*, 248 Mont. at 417, 812 P.2d at 1249.

Riordan asserts, in the first instance, that based upon this contingent fee agreement, he is entitled to recover $51,971.61 in

Page 16

attorneys fees - an amount equivalent to 35% of the entire $150,000 in UIM benefits paid by State Farm.  While the Court deems it appropriate to utilize the contingent fee agreement as a reasonable measure of the fees Riordan is entitled recover, Riordan is mistaken in his argument that he should recover 35% of the total UIM benefits paid by State Farm.

The holding in *Brewer* is premised upon the fact that an insured is forced to either institute or defend litigation.  A court must bear this point in mind when it assesses the eight factors identified in *Stimac*.  Of particular importance in this case are factor number two - the time and labor required to properly perform the legal service - and factor four - the result obtained.

State Farm paid Riordan a total of $30,586.59 in UIM benefits <u>before</u> suit was filed.  Riordan may not claim entitlement to attorneys fees for benefits paid prior to the filing of suit because those benefits were not obtained as a result of the litigation.[6]  Likewise, shortly after suit was filed, and prior to the filing of an answer, State Farm paid Riordan an additional $45,413.43 in UIM benefits.  Considering the time and labor required to perform the legal services, which

---

[6] Apparently Riordan obtained counsel shortly after the accident which was, of course, his right to do.  While this decision may indeed have been prudent, it does not entitle Riordan to claim attorneys fees, under the holding in *Brewer*, for benefits paid prior to the institution of litigation.

apparently motivated State Farm to pay these additional UIM benefits, the Court finds that awarding fees upon this amount of benefits based upon the contingency fee agreement would not be reasonable.  Instead, the Court finds that utilizing a lodestar calculation with regard to this portion of the UIM benefits paid is more reasonable.  Riordan shall be compensated at an appropriate market rate for the attorney time reasonably spent: (1) preliminarily preparing the matter for litigation; and (2) between the time the complaint was filed and June 1, 2007, the date when State Farm advanced the additional UIM benefits.[7]

Riordan has presented evidence in the form of affidavits and testimony establishing that the prevailing market rates in the Missoula, Montana area for attorneys with the experience, skill, and reputation of Riordan's counsel of record are as follows:

(a) Sydney McKenna - $220 per hour and;

(b) Justin Starin - $155 per hour.

Based upon the evidence presented by Riordan, as well as the Court's own knowledge of the community market rate, the Court finds the hourly rates proposed by Riordan for his co-counsel are

---

[7] Counsel for Riordan has submitted affidavits of actual attorneys' time spent on this matter prior to June 1, 2007, as well as a proposed hourly rate.  Dkt. No. 51, Attachment No. 1.  As previously noted, the reasonableness of the time expended as well as the appropriate hourly rate will be the subject of a further proceeding in order that State Farm is afforded the opportunity to present evidence regarding these matters.

Page 18

entirely reasonable.  State Farm has not produced any
contradictory evidence that would allow the Court to adjust the
rate downward.  *See e.g. Washington v. Philadelphia County Court
of Common Pleas*, 89 F.3d 1031, 1036 (3rd Cir. 1996).  With regard
to the hours reasonably expended by Riordan's counsel in
preliminarily preparing this matter for litigation and the time
spent between the time the Complaint was filed and June 1, 2007,
Riordan has presented sufficient documentation and testimony that
attorney McKenna spent 19.62 hours and attorney Starin spent 3.5
hours.  At the hourly rates of these two attorneys, the lodestar
calculation results in a total fee amount of $4,859.

State Farm takes issue with 11.24 hours of attorney time
spent in preliminarily preparing the matter for litigation.
State Farm contends, based upon the testimony of attorney McKenna
that these preliminary tasks are routinely performed even though
a complaint may never be filed, that an award of fees for these
preliminary tasks would be inappropriate under *Brewer*.  The Court
disagrees.  The fact remains that State Farm compelled Riordan to
institute suit to obtain the full benefit of his insurance
contracts.  Having done so, State Farm is responsible for
attorney fees incurred by Riordan, including those fees
necessarily incurred in conducting an appropriate investigation
prior to filing the Complaint.  A reasonable investigation and
assessment of the factual and legal bases of Riordan's claim by

his attorneys is mandated by Federal Rule of Civil Procedure 11(b).

With regard to the remaining $74,000 in UIM benefits paid by State Farm in settlement of this litigation, the Court finds that awarding Riordan attorney fees based upon the 35% contingency fee agreement - an amount equal to $25,900 - is reasonable in light of the factors identified for consideration in *Stimac*. Riordan documented, through the declaration of attorney McKenna (Dkt. # 51, Attachment # 1) that Riordan's attorneys spent 167.87 hours in the preparation of this case for trial.[8] State Farm does not contest the reasonableness of these hours. Additionally, as noted, the hourly fees claimed by attorneys McKenna and Starin are in line with community market rates.

The record also establishes that attorneys McKenna and Starin possess a level of experience and skill that warrants the hourly rates previously discussed. This experience and skill contributed significantly to the excellent result secured by these attorneys in this litigation. Riodan himself testified that he did not possess the wherewithal to prosecute this case on an hourly fee basis and would not have been able to secure the

---

[8] The total of hours claimed was 174.87. Dkt. # 51, Attachment A. The total figure is properly reduced by seven hours of time claimed by attorney Starin in relation to the submission of pleadings relative to an unsuccessful motion to compel discovery. Dkt. # 21.

Page 20

benefits of his insurance contracts if these attorneys had not agreed to prosecute the case under a contingent fee agreement.

Each of the *Stimac* factors discussed compel a conclusion that an award of attorneys fees based upon the contingent fee agreement is appropriate under the circumstances of this case. The remaining *Stimac* factors, i.e. novelty and difficulty of issues, character and importance of the litigation, and risk of no recovery, are essentially neutral.

In summary, the undersigned recommends that Riordan be awarded attorneys fees in the total sum of $30,759.